IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| WILLIAM TURNER<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DART CONTAINER CORPORATION<br>OF PENNSYLVANIA<br><br>　　　　Defendant. | )<br>)<br>) CIVIL ACTION NO.: _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, WILLIAM TURNER, a resident of Lancaster County, Pennsylvania, by and through his attorneys, brings this civil action for damages against the above-named Defendant, DART CONTAINER CORPORATION OF PENNSYLVANIA, and complains and alleges as follows:

### INTRODUCTION

1. This case arises out of Defendant's violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. ("FMLA").

### PARTIES

2. Plaintiff William Turner ("Turner") resides in Lancaster County, Pennsylvania. Defendant employed Turner from on or about September 29, 2014, until it terminated his employment on or about March 27, 2017, while he was eligible for and periodically using intermittent FMLA as a result of his wife's serious health condition.

3. Defendant Dart Container Corporation of America ("Dart") is a Michigan corporation, with a home office address of 500 Hogsback Road, Madison, Michigan 48854.

4. Dart is in the business of developing, manufacturing and distributing foodservice packaging solutions.

5. At all times relevant and material hereto, Dart operated a plant located at 60 East Main Street, Leola, Lancaster County, Pennsylvania 17540-0546.

6. Turner was an "eligible employee" under § 2611(2) of the FMLA in that he was employed for at least 12 months by Dart before he was out of work for his wife's serious health condition, and he had been employed for at least 1,250 hours of service with Dart during the 12 month period preceding his absence from work.

7. Dart is an "employer" as defined under § 2611(4) of the FMLA because it is engaged in commerce or an industry or activity affecting commerce that employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding year.

## JURISDICTION AND VENUE

8. The jurisdiction of this Court over this Complaint is based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331 in that this district court has original jurisdiction of all civil actions arising under the laws of the United States.

9. Venue is proper under 28 U.S.C. § 1391 in that Defendant does business in this district and a substantial part of the events giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND

10. Turner began working for Dart on or about September 24, 2014, as a fulltime machine operator. At all times relevant and material to his claims, Plaintiff was assigned to work at the plant in Leola, Lancaster County, Pennsylvania.

11. At all times during his employment, Turner performed his job in at least a satisfactory manner.

12. In August 2016, Turner was approved for FMLA leave due to his wife's serious health condition. Turner was specifically approved for intermittent leave from August 11, 2016, through August 10, 2017.

13. Following his receipt of approval for FMLA leave in August 2016, Turner in fact began to use FMLA to care for his wife, who was ill.

14. Turner did not have any issues with absenteeism that were unrelated to his excused FMLA time to care for his wife.

15. After Turner began to use FMLA leave intermittently, his shift supervisors and managers began to exhibit a hostile attitude towards Turner, and made specific comments relating to Turner's missing work due to his FMLA leave. Comments included calling Turner a "part timer," and saying that Turner's absences were "holding him back." Additionally, Turner's evaluation was negatively relative to prior years due to alleged poor attendance, which was related to the FMLA leave.

16. After Turner began using intermittent FMLA leave, he applied for a promotion to Lead Operator, which would have entailed a pay increase; however, Turner was denied the promotion and it was given to other less experienced workers. Upon information and belief, Turner was denied the promotion because of his absences related to FMLA leave. Subsequent other positions or shifts Turner applied for, which also entailed pay increases, were denied to Turner because of his use of FMLA absences.

17. On or about March 27, 2017, Turner was terminated for allegedly making unprofessional remarks to a co-worker; however, those allegations were unsubstantiated, and Turner was given no prior warning or progressive discipline.

18. Upon information and belief, Turner's termination was in response to his continued use of intermittent FMLA leave to care for his wife's serious health condition.

19. The FMLA prohibits employers from taking adverse action against an employee because he invokes his right to FMLA-qualifying leave. *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 301–02 (3d Cir. 2012).

20. At all times, Dart was fully aware of its obligations under the FMLA, but nevertheless willfully disregarded those obligations when it refused to promote and later fired Turner due to absences related to FMLA-qualifying leave.

## COUNT I
## VIOLATION OF THE FMLA-INTERFERENCE WITH FMLA RIGHTS

21. Turner incorporates the previous paragraphs of the Complaint as though fully set forth herein.

22. Turner had the right under the FMLA to twelve weeks of leave because of his wife's serious health condition.

23. Dart willfully violated the FMLA by refusing to promote and later firing Turner due to absences related to FMLA-qualifying leave.

WHEREFORE Plaintiff William Turner seeks judgment in his favor and against Defendant Dart Container Corporation of America for (a) backpay and benefits; (b) reinstatement and/or front pay and benefits in lieu of reinstatement; (c) interest on his monetary

losses at the prevailing rate; (d) liquidated damages; (e) attorneys' fees and costs; and (f) such legal and/or equitable relief as allowed by law.

Respectfully submitted,

McCarthy Weisberg Cummings, P.C.

9-1-17
Date

Larry A. Weisberg, Esquire
PA Bar I.D. #: PA83410
lweisberg@mwcfirm.com

Derrek W. Cummings, Esquire
PA Bar I.D. #83286
dcummings@mwcfirm.com

Stephen T. Mahan, Jr., Esquire
PA Bar I.D. #: 313550
smahan@mwcfirm.com

2041 Herr Street
Harrisburg, PA 17103-1624
(717) 238-5707
(717) 233-8133 (FAX)
Attorneys for Plaintiff